**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | | |
|---|---|---|
| JAMES REID, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:09-CV-05262-PD |
| HEMISPHERX BIOPHARMA, INC., WILLIAM A. CARTER, | ) ) ) ) | |
| Defendants. | ) ) | |
| PAUL MCGOVERN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:09-CV-05682-PD |
| HEMISPHERX BIOPHARMA, INC., WILLIAM A. CARTER, | ) ) ) ) | |
| Defendants. | ) ) | |
| CATHERINE A. KLETMAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:09-CV-05870-PD |
| HEMISPHERX BIOPHARMA, INC., WILLIAM A. CARTER, | ) ) ) ) | |
| Defendants. | ) | |

| | |
|---|---|
| STUART R. SCHUPLER, SHIJING LIN, On Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HEMISPHERX BIOPHARMA, INC., WILLIAM A. CARTER,<br><br>    Defendants. | Case No. 2:09-CV-05931-PD |
| GEORGE M. DAFORNO, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEMISPHERX BIOPHARMA, INC., WILLIAM A. CARTER,<br><br>    Defendants. | Case No. 2:09-CV-06173-PD |

**MOVANT DISHO GROUP'S BRIEF IN SUPPORT
OF MOTION TO CONSOLIDATE RELATED CASES; FOR
APPOINTMENT OF LEAD PLAINTIFF AND FOR APPROVAL
OF ITS CHOICE OF COUNSEL AS LEAD AND LIAISON COUNSEL
<u>FOR THE CLASS</u>**

Movants Mike DiSho ("DiSho") and Samir Malak Ibraheem ("Ibraheem") (collectively "Movants" or the "DiSho Group"), submit this Brief in support of its Motion for an Order: (1) consolidating the above-styled and related actions; (2) appointing the DiSho Group as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act (the "PSLRA"); and (3)

2

approving the DiSho Group's selection of the law firms of Federman & Sherwood as Lead Counsel and Law Offices of Marc Henzel as Liaison Counsel.[1]

## I.  INTRODUCTION

Pending before this Court are five class action lawsuits brought by purchasers of the common stock of Hemispherx Biopharma, Inc. ("Hemispherx" or "the Company") against Hemispherx and its principal officer and director.  The complaints in each action allege that Defendants violated the federal securities laws by knowingly and/or recklessly disseminating false and misleading information about the Company, which inflated the market price of the Company's common stock during the period February 18, 2009 through and including December 1, 2009 (the "Class Period").[2]

All of the actions present virtually identical factual and legal issues, including:  (1) whether Defendants' actions violated the federal securities laws; (2) whether various documents, including press releases and SEC Reports that Defendants disseminated to the investing public during the Class Period, misrepresented and/or omitted material facts; (3) whether Defendants acted willfully, knowingly or recklessly; and (4) whether the market price of Hemispherx common stock was inflated artificially during the Class Period due to Defendants' alleged misrepresentations and omissions of material facts. Because of the substantial similarity of the legal and factual issues in each of these

---

[1] The PSLRA permits any putative class member – regardless of whether they have filed a complaint – to move for appointment of lead plaintiff.  See 15 U.S.C. 77z-4(3)(B)(ii)(I).  Consequently, Movant is unable to identify those class members that may file competing motions and accordingly oppose this motion.  Courts have held that defendants do not have standing to object to lead plaintiff motions.  See, e.g., In re Waste Management, Inc. Sec. Litig., 128 F.Supp2d. 409 (S.D. Tex. 2000).

[2] Some of the class periods alleged in the various complaints differ slightly.  The February 18, 2009 through December 1, 2009 period is the longest of the class periods alleged.

actions, the proposed Lead Plaintiff, DiSho Group, requests that the Court consolidate these actions.

The DiSho Group also requests that the Court appoint it lead plaintiff. The DiSho Group is a suitable lead plaintiff and class representative for the consolidated action. The DiSho Group is believed to be the moving class member with the largest losses and the most appropriate Lead Plaintiff due to the size of its investments in Hemispherx common stock, as well as its interest in the litigation. DiSho suffered approximate losses of $72,364.90 and Ibraheem suffered approximate losses of $64,756.54 as a result of Defendants' alleged wrongful conduct.[3] The DiSho Group is believed to be the moving class member with the largest single loss, having suffered aggregate losses of approximately $137,121.44. *Id.* DiSho Group also satisfies the requirements of FED. R. CIV. P. 23(a). The DiSho Group's claims are typical of the class; the DiSho Group will also adequately represent the class.

For these reasons and the reasons set forth below, the DiSho Group requests that this Court grant its Motion for Appointment as Lead Plaintiff and approve its selection of Lead Counsel and Liaison Counsel.

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Hemispherx is a specialty pharmaceutical company engaged in the clinical development, manufacture, marketing, and distribution of new drug therapies for the treatment of viral and immune-based chronic disorders. The Company's products

---

[3] Investor certifications and loss analysis tables setting forth the DiSho Group's purchases and sales of Hemispherx stock during the Class Period are attached as Exhibit "A-D" to the Declaration of William B. Federman ("Federman Declaration"), attached hereto as Exhibit 1.

include Ampligen, an experimental drug undergoing clinical development for treatment of chronic fatigue syndrome.

The complaints allege that Hemispherx and its principal officer and director violated the federal securities laws by making a series of false statements about postponements of action on Hemispherx's New Drug Application ("NDA") for Ampligen with the U.S. Food and Drug Administration ("FDA"). Specifically, the Defendants portrayed the postponements as due to matters such as FDA staffing issues, while concealing that: (a) the delays were due to the Company's failure to submit a number of reports that had been requested by the FDA and which were necessary before review of the drug could be completed; (b) questions had been raised about the adequacy of data submitted with the NDA to demonstrate the drug's efficacy; and (c) the drug could not be approved unless the FDA waived its requirement for two rodent carcinogenicity studies. When Hemispherx belatedly disclosed this information on November 2, 2009, the price of Hemispherx stock dropped 22% from $1.45 per share, to close at $1.13 per share on November 3, 2009.

Then on December 1, 2009, after the market closed, Hemispherx announced that the FDA had denied the Ampligen NDA. The December 1, 2009 press release stated that the FDA concluded that the Company had not submitted "credible evidence of efficacy of Ampligen," and also lacked required testing for carcinogenicity in animals, which Defendants admitted they had asked the FDA to waive. On this news, the price of Hemispherx stock dropped an additional 40% from $1.20 per share to close at $0.71 per share on December 2, 2009.

### III.  LEGAL ARGUMENT

#### A.  Consolidation of All Related Actions is Appropriate

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> (a) Consolidation.  When actions involving a common question of law or fact are pending before the Court, it may Order a joint hearing or trial of any or all of the matters in issue in the actions; it may Order all the actions consolidated; and it may make such Orders concerning proceeding therein as may tend to avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a).  Consolidation pursuant to Rule 42(a) is warranted because the five actions filed against Defendants involve common questions of both law and fact. Rule 42(a) gives the district court broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice.  *AFIK Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003).  Moreover, the PSLRA directs that cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims."  *Id.* (quoting 15 U.S.C. §78u(4)(a)(3)(B)(ii)).

All of the above actions involve the misleading nature of various statements made by Defendants during the Class Period.  All of these actions allege violations of Sections 10(b) and 20(a) of the Exchange Act.  All of these actions allege that shareholders who purchased Hemispherx common stock during the Class Period were damaged when they purchased Hemispherx shares at prices that were artificially inflated by misleading statements made by Defendants.  Accordingly, consolidation of all related actions is appropriate.  *See AFIK Holding*, 216 F.R.D. at 570-71.

6

    B.    **Notice Was Properly Published Under the PSLRA**

On November 10, 2009, Dyer & Berens LLP caused notice to be published pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(A)(i), over a national newswire service, *Marketwire*. This notice advised members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the issuance of the notice. *See a* copy of the notice attached to the Federman Declaration as Exhibit E. This notice is sufficient and satisfies the requirements of Section 21D(a)(3)(i) of the Exchange Act, §15 U.S.C. 78u-4(a)(3)(i). *See Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996). *Marketwire*, and other national wire services, have consistently been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See, e.g., Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, *2 (N.D. Ill. Aug. 6, 1997); *In re Nice Systems Sec. Litig.*, 188 F.R.D. 206, 215 (D. N.J. 1999); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996).

    C.    **DiSho Group Should Be Appointed Lead Plaintiff**

The PSLRA establishes a procedure for the appointment of a "lead plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." §21D(a)(1), 15 U.S.C. §78u-4(a)(1).

The PSLRA provides that the plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. §21D(a)(3)(A)(i), 15

7

U.S.C. §78j-4(a)(3)(A)(i).  The first such notice here was published on November, 10, 2009.  *See* Exhibit E to the Federman Declaration.

The PSLRA further provides that within ninety (90) days after the publication of the Notice of Pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." §21D(a)(3)(B)(i), 15 U.S.C. §78u-4(a)(3)(B)(i).

The PSLRA directs the court to presume, when appointing lead plaintiffs pursuant to this statute, that the most adequate plaintiff is the person or group of persons that:

> (i)   has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];
>
> (ii)  in the determination of the court, has the largest financial interest [of those class members moving for [Lead Plaintiff] in the relief sought by the class, and
>
> (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I), 15 U.S.C. §78u-4(a)(3)(B (iii)(I).  The moving plaintiff with the largest financial stake in the litigation, and who otherwise satisfies the requirements of FED. R. CIV. P. 23(a), is the presumptive lead plaintiff.  As discussed below, the DiSho Group satisfies each of the criteria set forth above and is entitled to the presumption set forth in §21D(a)(3)(B)(iii)(I) of the Exchange Act (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)) that it is the most adequate plaintiff.

8

### 1.   DiSho Group Has Moved for Appointment as Lead Plaintiff Within 60 Days of Publication of Notice

The 60-day period provided by the PSLRA in which applications for appointment as lead plaintiff must be filed expires on January 11, 2009.  The DiSho Group has moved within the statutory 60-day period.  Moreover, this Motion contains the required certifications setting forth, *inter alia*, the DiSho Group's transactions in Hemipherx securities during the Class Period, and indicates that DiSho Group has reviewed the Complaint filed in this action and is willing to serve as representative parties on behalf of the class.  *See* Federman Declaration at Exhibits A-B.  Accordingly, the DiSho Group has satisfied this prong of the PSLRA's lead plaintiff criteria.

### 2.   DiSho Group Has the Largest Financial Interest in the Relief Sought

Section 21D(a)(3)(iii)(I)(bb) of the PSLRA defines the most adequate plaintiff (presumptively) as the "person or group of persons" that, among other things, has "the largest financial interest in the relief sought by the class." §15 U.S.C. 78u-4(a)(3)(I)(bb).

The PSLRA does not articulate the procedure for determining the largest financial interest among the competing movants.  *In re Nice Sys. Sec. Litig.*, the court utilized the *Lax*-four factors:

> (1)   the number of shares purchased during;
>
> (2)   the number of net shares
>
> (3)   the total net funds expended by the plaintiffs during the class period; and
>
> (4)   the approximate losses suffered by the plaintiffs.

188 F.R.D. 206, 217 (D.N.J. 1999); *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D.Ill. Aug. 11, 1997); *see also In re Cendant Corp.*

*Litig.*, 264 F.3d 201, 262 (3d. Cir. 2001), *aff'd*, 404 F.3d 173 (3d Cir. 2005); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y.1998). Courts have determined that the financial loss is the most significant factor in determining the person or group of persons with the largest financial interest in the relief sought. *In re Vicuron Pharmaceuticals, Inc. Sec. Litig.,* 225 F.R.D. 508, 510 (E.D.Pa. 2004); *see, e.g.*, *In re Amb. Bus. Fin. Serv., Inc. Sec. Litig.*, 2004 WL 1221353 (E.D.Pa. 2001); *In re Cell Pathways, Inc. Sec. Litig.*, 203 F.R.D. 189 (E.D.Pa. 2001); *see Xianglin Shi v. Sina Corp.*, 2005 WL 1561438 at *2 (S.D.N.Y. July 1, 2005) (appointing lead plaintiff based on largest claimed losses).

"[T]he District Court must consider the losses allegedly suffered by the various Plaintiffs before selecting as the 'presumptively most adequate Plaintiff' – and hence the presumptive Lead Plaintiff - - the one who has the largest financial interest in the relief sought by the class' …." *In re Cavanaugh*, 306 F.3d at 729-30. DiSho suffered approximate losses of $72,364.90 and Ibraheem suffered approximate losses of $64,756.54 as a result of Defendants' alleged wrongful conduct. *See* Federman Declaration at Exhibits C-D. The DiSho Group is believed to be the moving class member with the largest loss, having suffered aggregate losses of approximately $137,121.44. *Id.*

The DiSho Group believes that it has sustained greater financial losses in connection with the purchase and sale of Hemixpherx common stock during the Class Period than any competing lead plaintiff movant. Accordingly, the DiSho Group has satisfied this prong of the PSRLA's prerequisites for appointment as lead plaintiff.

### 3. DiSho Group Otherwise Satisfies the Requirements of FED. R. CIV. P. 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." §15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative RAITties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics and/or qualifications of the class representative.  *See Roth v. Knight Trading Group, Inc.*, 228 F. Supp.2d 524, 529 (D.N.J. 2002).  Accordingly, in adjudicating a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *In re Cavanaugh*, 306 F.3d 726, 730, 732 (9th Cir. 2002); *see, e.g., Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *20; *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875, *7-8 (M.D. Fla. Feb. 6, 1997).  As detailed

below, the DiSho Group satisfies both the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as lead plaintiff in this action.

        **a.    The Claims of the DiSho Group are Typical of the Claims of other Members of the Class**

FED. R. CIV. P. 23(a) mandates that the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983), *cert. denied*, 506 U.S. 1051 (1993)); *Roth v. Knight Trading Group*, 228 F. Supp. 2d at 530. Furthermore, factual variations among the claims of the class representatives and class members will not defeat "typicality":

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente*, 713 F.2d at 232 (citations omitted); *see also Hurd v. Monsanto Co.*, 164 F.R.D. 234, 239 (S.D. Ind. 1995).

The DiSho Group's claims are typical of, if not identical to, the claims of the other members of the class. Here, the DiSho Group purchased Hemispherx stock during the Class Period: (1) at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants; and (2) was damaged by the alleged fraud. Thus, its claims meet the typicality requirement, since questions of liability are common to all class members. *See Roth v. Knight Trading Group*, 228 F. Supp. 2d at

530; *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the Defendant's liability.")   (citations omitted), *cert. dismissed sub nom., Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.,* 506 U.S. 1088 (1993).

### b. DiSho Group Will Fairly and Adequately Represent the Interests of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party, "will fairly and adequately protect the interests of the class."  FED. R. CIV. P. 23(a)(4).  *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978); *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 257 (C.D. Cal. 1988); *Int'l Molders' & allied Workers' Local Union No. 164 v. Nelson,* 102, F.R.D. 457, 464 (N.D. Cal. 1983); *In re DJ Orthopedics, Inc.,* 2003 U.S. Dist. LEXIS 21534, at *18 (S.D. Cal. Nov. 16, 2003).  Once the presumption is triggered the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job.  *In re Cavanaugh,* 306 F.3d at 732 and n.10.  The DiSho Group will fairly and adequately represent the class.

First, counsel for the class is well-qualified.  The DiSho Group has retained counsel with considerable experience in the prosecution of class action and federal securities law claims.  *See* Federman & Sherwood resume attached to the Federman Declaration as Exhibit F; Law Offices of Marc Henzel resume attached to the Federman Declaration as Exhibit G.

Second, there are no potential conflicts between the DiSho Group and the interests of the absent class members. The DiSho Group's claims are typical of the claims of the rest of the class. All investors are aligned in the common interest of recovering their damages from Defendants. The DiSho Group has indicated that it will protect the interests of the class, as reflected in its certifications affirming its interest in participating as lead plaintiff in this action. *See* Investor Certifications attached to the Federman Declaration at Exhibits A-B. The DiSho Group has further declared its intention of actively participating in the litigation and vigorously pursuing claims on behalf of the class. *Id.* Moreover, having suffered the largest financial loss in the action, the DiSho Group has a strong incentive to pursue this action vigorously on behalf of the entire class. *See AFIK Holding*, 216 F.R.D. at 573.

In short, the DiSho Group would adequately and fairly represent the putative class because its interests are clearly aligned with those of the class; there is no evidence of any conflict between the DiSho Group; and the other class members, and DiSho Group's own interests are aligned with counsel. *Roth v. Knight Trading Group*, 228 F. Supp. 2d at 530. Consequently, the DiSho Group meets the requirements of Section 21D(a)(3)(B)(iii)(I)(aa)-(cc) of the Exchange Act, §15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(aa)-(cc), and should be appointed as lead plaintiff in this action.

    **D.**    **The Court Should Approve DiSho Group's Choice of Counsel**

Pursuant to PSLRA §21D(a)(3)(B)(v), 15 U.S.C. §78u-4(a)(3)(B)(v), a lead plaintiff applicant shall, subject to Court approval, select and retain counsel to represent the class. The inquiry is not into the adequacy or fitness of counsel but into the adequacy of plaintiff and the choice of counsel is only an indicator – and a relatively

weak one at that – of plaintiff's fitness. *In re Cavanaugh*, 306 F.3d at 733. It is lead plaintiff and not the Court that selects counsel. *Id.* at 31-33. Only in rare circumstances should the counsel chosen by lead plaintiff not be approved by the Court. *See id.* The DiSho Group has selected and retained Federman & Sherwood as Lead Counsel and Law Offices of Marc Henzel as Liaison Counsel. In any event, Federman & Sherwood and Law Offices of Marc Henzel possess extensive experience in the area of securities and other complex litigation. *See* Federman Declaration at Exhibits F and G. Thus, the Court can be assured that, in the event this Motion is granted, the members of the class will receive quality legal representation. Accordingly, the Court should approve DiSho Group's selection of Lead Counsel.

**IV.    CONCLUSION**

For the reasons set forth above, the Court should: (1) consolidate this action and related actions; (2) appoint the DiSho Group as Lead Plaintiff in these actions; and (3) approve DiSho Group's selection of Federman & Sherwood as Lead Counsel and Law Offices of Marc Henzel Liaison Counsel for the class.

Dated: January 11, 2010                          Respectfully submitted,

                                                            s/MSH2062
Marc S. Henzel
273 Montgomery Ave., Suite 202
Bala Cynwyd, PA 19004
Telephone: (610) 660-8000
Fax: (610) 660-8080
mhenzel182@aol.com

*Proposed Liaison Counsel*

William B. Federman  (WF9124)
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK  73120
Telephone: (405) 235-1560
Fax: (405) 239-2112
wbf@federmanlaw.com

-and-

2926 Maple Ave., Suite 200
Dallas, TX  75201
Telephone: (214) 696-1100

*Attorneys for Movant*
*Proposed Lead Counsel*

## CERTIFICATE OF SERVICE

This is to certify that on January 11, 2010, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants.

                                                            s/MSH2062
Marc S. Henzel