UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES REID, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>vs.<br><br>HEMISPHERX BIOPHARMA, INC. and WILLIAM A. CARTER,<br><br>     Defendants. | Civ. Action No. 09-cv-5262-PD<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF ANTHONY DE SILVA, AMGAD RIZK, MINA RIZK, AND RAYMOND A. PRITCHETT'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL |
| PAUL McGOVERN, On Behalf of Himself and All Others Similarly Situated,<br><br>     Plaintiff,<br><br>vs.<br><br>HEMISPHERX BIOPHARMA, INC. and WILLIAM A. CARTER, M.D.,<br><br>     Defendants. | Civ. Action No. 09-cv-5682-PD<br><br>CLASS ACTION |
| CATHARINE A. KLETMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>vs.<br><br>HEMISPHERX BIOPHARMA, INC. and WILLIAM A. CARTER,<br><br>     Defendants. | Civ. Action No. 09-cv-5870-PD<br><br>CLASS ACTION |

| | |
|---|---|
| STUART R. SCHUPLER and SHIJING LIN, On Behalf of Themselves and All Others Similarly Situated, <br><br>            Plaintiff, <br><br>    vs. <br><br>HEMISPHERX BIOPHARMA, INC. and WILLIAM A. CARTER, <br><br>            Defendants. | Civ. Action No. 09-cv-5931-PD <br><br> <u>CLASS ACTION</u> |
| GEORGE M. DAFORNO, Individually and on Behalf of All Others Similarly Situated, <br><br>            Plaintiff, <br><br>    vs. <br><br>HEMISPHERX BIOPHARMA, INC. and WILLIAM A. CARTER, <br><br>            Defendants. | Civ. Action No. 09-cv-6173-PD <br><br> <u>CLASS ACTION</u> |

Anthony De Silva, Amgad Rizk, Mina Rizk, and Raymond A. Pritchett ("Movants") hereby move this Court for an order: (i) consolidating the five putative securities class actions (the "Related Actions") brought on behalf of similarly situated investors who purchased the securities of Hemispherx Biopharma, Inc. ("Hemispherx" or the "Company"); (ii) appointing them as Lead Plaintiffs; and (iii) approving their selection of Dyer & Berens LLP and Law Offices Bernard M. Gross, P.C. as Co-Lead Counsel.  This Motion is brought pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act") on the grounds that Movants are the "most adequate plaintiff[s]" pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  15 U.S.C. §78u-4(a)(3)(B)(iii).

## I.   PRELIMINARY STATEMENT

The five Related Actions presently pending before this Court are putative securities class actions brought on behalf of all persons who purchased Hemispherx securities from February 18, 2009 through and including October 30, 2009 (the "Class Period").[1]  The Related Actions allege violations of §§10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §78(j)(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

This Motion is made on the grounds that, to their knowledge, Movants are the "most adequate plaintiff[s]" as defined by the PSLRA.  *See* 15 U.S.C. §78u-4(a)(3)(B)(i).  Movants suffered losses exceeding $411,000 from their Class Period purchases of Hemispherx securities and otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* Declaration of Deborah R. Gross in Support of Anthony De Silva, Amgad Rizk, Mina Rizk, and Raymond A. Pritchett's Motion for Consolidation of Related Actions, Appointment as Lead

---

[1]   Movants note that some of the Related Actions have different class periods.  Reid and Schupler end the Class Period on October 30, 2009.  McGovern ends the Class Period on November 2, 2009.  Kletman and DaForno end the Class Period ON December 1, 2009.

- 1 -

Plaintiffs and Approval of Selection of Co-Lead Counsel ("Gross Decl."), Exs. B & C (lead plaintiff certifications and loss chart). Further, Movants have selected counsel with the skill and experience necessary to vigorously prosecute this litigation on behalf of the class. *See* Gross Decl., Exs. D & E (firm resumes of proposed lead counsel).

## II.    STATEMENT OF THE FACTS

Hemispherx is a biopharmaceutical company engaged in the clinical development, manufacture, marketing and distribution of new drug therapies based on natural immune system enhancing technologies for the treatment of viral and immune-based chronic disorders. The Company's products include Ampligen, an experimental drug undergoing clinical development for the treatment of chronic fatigue syndrome. The Company is headquartered in Philadelphia, Pennsylvania.

During the Class Period, defendants misled investors regarding the status of Hemispherx's New Drug Application ("NDA") for Ampligen with the U.S. Food and Drug Administration ("FDA"). Specifically, defendants stated that the delays in FDA action on the Company's NDA would be brief and that the FDA had not requested any additional information at the time of the delays. Yet, defendants continuously concealed from investors the serious issues raised by the FDA and the fact that the ongoing remedial efforts of the Company to alleviate these issues would, at minimum, cause a significant delay in FDA review and could defeat the application entirely if the FDA was not satisfied with the corrections.

As the truth made its way into the market, the price of Hemispherx's securities closed to $1.45/share on October 30, 2009, down from a Class Period high of $4.54/share.

### III. ARGUMENT

#### A. This Court Should Consolidate the Related Actions

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). To date, Movants are aware of five Related Actions in this district against defendants:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Reid v. Hemispherx, et al.* | 09-cv-5262-PD | 11/10/2009 |
| *McGovern v. Hemispherx, et al.* | 09-cv-5682-PD | 12/01/2009 |
| *Kletman v. Hemispherx, et al.* | 09-cv-5870-PD | 12/09/2009 |
| *Schupler v. Hemispherx, et al.* | 09-cv-5931-PD | 12/14/2009 |
| *DaForno v. Hemispherx, et al.* | 09-cv-6173-PD | 12/29/2009 |

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. Consolidation is particularly appropriate in securities class actions such as this. *See, e.g., In re Sterling Fin. Corp. Sec. Litig.*, MDL No. 07-1879, 2007 WL 4570729, at *2 (E.D. Pa. Dec. 21, 2007). All five actions relate to the same series of alleged misrepresentations and/or omissions. Additionally, all of the Related Actions assert the same or similar causes of action under the Exchange Act. Therefore, consolidation is appropriate. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

#### B. Movants are the "Most Adequate" Plaintiffs

##### 1. The PSLRA's Lead Plaintiff Provisions

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i). First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the first notice regarding the pendency of these actions was published on *Marketwire*, a national,

business-oriented newswire service, on November 10, 2009. *See* Gross Decl., Ex. A (PSLRA press release). Within 60 days after publication of the notice, any "person ***or group of persons***" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B) (emphasis added); *In re Cendent Corp. Litig.*, 264 F.3d 201, 266-67 (3d Cir. 2001) (unrelated individuals may constitute a proper "group" for the purposes of the PSLRA).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the ***person or group of persons*** that –
>
> (aa)  has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added). Because Movants meet each of these requirements, they should be appointed as lead plaintiffs in the Related Actions.

### 2. Movants Satisfy the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Movants' Motion Is Timely

Movants have timely filed their motion within 60 days of the November 10, 2009 publication of notice, and have also duly signed and filed certifications evidencing, among other things, their willingness to serve as representative parties on behalf of the class. *See* Gross Decl., Ex. B (lead

plaintiff certifications). Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as lead plaintiffs considered by the Court.

### b. Movants Have the Largest Financial Interest in the Relief Sought by the Class

Movants collectively purchased more than 398,000 shares of Hemispherx common stock during the Class Period and suffered losses exceeding $411,000 in connection therewith. *See* Gross Decl., Ex. C (lead plaintiff loss chart). To their knowledge, this represents the largest financial interest in the relief sought by the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### c. Movants Satisfy Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc); *Cendent Corp.*, 264 F.3d at 262. While the PSLRA states that a lead plaintiff must meet the requirements of Rule 23(a), of the four prerequisites to class certification, only two – typicality and adequacy – are relevant to the lead plaintiff determination. *Cendent Corp.*, 264 F.3d at 263.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of those of the class. Typicality exists where the plaintiff's claims arise from the same injury and course of conduct and are based on the same legal theories as the claims of all the class members. *Janovici v. DVI, Inc.*, No. 2:03CV04795-LD, 2003 WL 22849604, at *12 (E.D. Pa. Nov. 25, 2003) (citing *Weiss v. York Hosp.*, 745 F.2d 786, 809 n.36 (3d Cir. 1984)). There is a well-defined community of interest in the questions of law and fact involved in this case, of which Movants are a part. Because the claims asserted by Movants are premised on the same legal and remedial theories and are based on the same types of misrepresentations and omissions as the class's claims, typicality is satisfied. *See Greater Pa. Carpenters Pension Fund v. Adolor Corp.*, No. 04-CV-1728, 2004 WL

3019235, at *2 (E.D. Pa. Dec. 29, 2004); 7 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* §22.24, at 107-08 (4th ed. 2002) ("The majority of class action decisions support the view that when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met.").

Under Rule 23(a)(4), a representative party must also "fairly and adequately protect the interests of the class." *Adolor*, 2004 WL 3019235, at *3. A lead plaintiff satisfies the adequacy requirement with proof of "(1) the absence of potential conflict between the proposed lead plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced, and able to vigorously conduct the proposed litigation." *Id.* at *3 (citation omitted). Movants are adequate representatives. As evidenced by their injuries, Movants' interests are clearly aligned with the members of the class who also suffered damages due to defendants' alleged fraud and there is no evidence of any antagonism between Movants' interests and those of the other members of the class. Moreover, they are a small, cohesive group of investors who are committed to prosecuting the Related Actions efficiently and effectively. Thus, Movants satisfy the requirements of Rule 23 for the purposes of this Motion.[2]

### C.    The Court Should Approve Movants' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Movants have selected Dyer & Berens LLP and Law Offices Bernard M. Gross, P.C. as co-lead counsel for the class. Both law firms actively practice complex litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured

---

[2]   Should the Court find the appointment of a group to be inappropriate in this case, the individual movants are each willing and able to serve as sole lead plaintiff, as appropriate.

investors throughout the country.  *See* Gross Decl., Exs. D & E (firm resumes).  Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive efficient, high caliber legal representation.

## IV.   CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court:  (i) consolidate the Related Actions; (ii) appoint Movants as Lead Plaintiffs; (iii) approve Movants' selection of Co-Lead Counsel; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  January 11, 2010

LAW OFFICES BERNARD M.
   GROSS, P.C.
DEBORAH R. GROSS

             /s/ Deborah R. Gross – DG639
DEBORAH R. GROSS
Validation Code- DG639

Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA  19107
Telephone:  215/561-3600
215/561-3000 (fax)

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS
303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone:  303/861-1764
303/395-0393 (fax)

*[Proposed] Co-Lead Counsel for the Putative Class*