**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES REID, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> HEMISPHERX BIOPHARMA, INC. and WILLIAM A. CARTER, <br><br> Defendants. | CASE NO.: 2:09-cv-05262-PD <br><br> <u>CLASS ACTION</u> |
| *Caption continued on the following page* | |

**MEMORANDUM OF LAW IN SUPPORT OF THE HEMISPHERX INVESTOR
GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

                                          **BROWER PIVEN
A PROFESSIONAL CORPORATION**
1925 Old Valley Road
Stevenson, Maryland 21153
Telephone: (410) 332-0030
Facsimile: (410) 685-1300

**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Phone: (215) 875-3000
Fax: (215) 875-4604

*Counsel for the HEMISPHERX Investor Group*

| | |
|---|---|
| PAUL MCGOVERN, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>HEMISPHERX BIOPHARMA, INC. and WILLIAM A. CARTER,<br><br>    Defendants. | CASE NO.:  2:09-cv-05682-PD<br><br>CLASS ACTION |
| CATHERINE A. KLETMAN, on Behalf of Herself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>HEMISPHERX BIOPHARMA, INC. and WILLIAM A. CARTER,<br><br>    Defendants. | CASE NO.:  2:2009cv05870-PD<br><br>CLASS ACTION |
| STUART R. SCHUPLER and SHIJING LIN, On Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>HEMISPHERX BIOPHARMA, INC. and WILLIAM A. CARTER,<br><br>    Defendants. | CASE NO.  2:2009cv05931-PD<br><br>CLASS ACTION |
| GEORGE M. DAFORNO, on Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>HEMISPHERX BIOPHARMA, INC. and WILLIAM A. CARTER,<br><br>    Defendants. | CASE NO.  2:2009cv06173-PD<br><br>CLASS ACTION |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL BACKGROUND ............................................................................................. 2

STATEMENT OF FACTS ......................................................................................................... 3

ARGUMENT .............................................................................................................................. 6

THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ............................. 6

THE HEMISPHERX INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF .... 6

    A.    The Procedural Requirements Pursuant to the PSLRA ................................................ 6

    B.    The Hemispherx Investor Group Is "The Most Adequate Plaintiff" ............................ 8

        1.    The Hemispherx Investor Group Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff ............................................................. 8

        2.    The Hemispherx Investor Group Has the Largest Financial Interest ......... 9

        3.    The Hemispherx Investor Group Satisfies the Requirements of Rule 23 . 10

            i.    The Hemispherx Investor Group's Claims Are Typical of the Claims of All the Class Members ........................................................................ 11

            ii.    The Hemispherx Investor Group Will Adequately Represent the Class 12

    C.    The Court Should Approve The Hemispherx Investor Group's Choice Of Counsel . 13

CONCLUSION ........................................................................................................................ 14

## **PRELIMINARY STATEMENT**

The Hemispherx Investor Group, consisting of Victor Cherry, Ehud Nahum, Jagvinder Pal Singh and Padmaker Boienipelly, respectfully moves this Court pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating, pursuant to Fed. R. Civ. P. 42, the related securities fraud class actions filed against Hemispherx Biopharma, Inc. ("Hemispherx" or the "Company") and defendant William A. Carter (collectively "Defendants");[1] (2) appointing the Hemispherx Investor Group as the lead plaintiff in these Actions; (3) approving the Hemispherx Investor Group's selection of the law firms of Brower Piven, A Professional Corporation ("Brower Piven") and Berger & Montague, P.C., ("Berger Montague") as lead counsel for the Class.

The Hemispherx Investor Group believes that it is the "most adequate plaintiff" under the PSLRA to serve as Lead Plaintiff on behalf of the Class in these Actions. As set forth in detail below, the Hemispherx Investor Group suffered losses of approximately $311,766 on its investments in the Hemispherx common stock between February 18, 2009 and December 1, 2009, inclusive (the "Class Period"). Copies of the PSLRA-required Certifications submitted by each member of the Hemispherx Investor Group are filed collectively herewith as Exhibit A to the Declaration of Eric Lechtzin in Support of Motion For Consolidation, Appointment as Lead

---

[1] The related class actions include the following cases: *Reid v. Hemispherx, et al*, 2:09-cv-05262-PD (E.D. Pa. Nov. 10, 2009) ("*Reid*"); *McGovern v. Hemispherx, et al*, 2:2009-cv-05682-PD (E.D. Pa. Dec. 1, 2009) ("*McGovern*"); *Kletman v. Hemispherx, et al*, 2:2009-cv-05870-PD (E.D. Pa. Dec. 9, 2009) ("*Kletman*"); *Schupler, et al, v. Hemispherx, et al*, 2:2009-cv-05931-PD (E.D. Pa. Dec. 14, 2009) ("*Schupler*"); and *Daforno v. Hemispherx, et al*, 2:2009-cv-06173-PD (E.D. Pa. Dec. 29, 2009) ("*Daforno*") (collectively, the "Actions").

Plaintiff and for Approval of Selection of Lead Counsel ("Lechtzin Decl."). These Certifications set forth the transactions of the Hemispherx Investor Group in Hemispherx common stock during the Class Period. In addition, a chart reflecting the calculation of the Hemispherx Investor Group's financial losses on Hemispherx common stock purchased during the Class Period is attached as Exhibit B to the Lechtzin Decl. In light of the significant transactions and losses reflected in these exhibits, the Hemispherx Investor Group has a substantial financial interest in the relief sought by this litigation – an interest believed to be greater than that of any competing movant.

In addition, the Hemispherx Investor Group satisfies the adequacy and typicality requirements of Fed. R. Civ. P. 23 ("Rule 23") because each member is a sophisticated investor who stands in the shoes of all other class members and is ready and able to spearhead this litigation in the best interests of the class. Indeed, the PSLRA's legislative history shows that the Hemispherx Investor Group is precisely the type of sophisticated investor whose participation in securities class actions the PSLRA was meant to foster. In short, the Hemispherx Investor Group is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

## PROCEDURAL BACKGROUND

The first class action lawsuit against Defendants, the *Reid* Action, was filed in the Eastern District of Pennsylvania on November 10, 2009. Thereafter, four related cases alleging substantially identical claims for nearly identical classes of purchasers of the Hemispherx common stock were filed in this Court.[2]

---

[2] The class period proposed in the *Reid* Action ended on October 30, 2009. The *Kletman* Action, filed by the undersigned counsel on December 9, 2009, is notable because the complaint

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on November 10, 2009, the first notice that a class action had been initiated against Defendants was published on *Marketwire*, a widely circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (January 11, 2010). *See* Exhibit C to the Lechtzin Decl.

The members of Hemispherx Investor Group are members of the Class (*see* Exhibit A), and the Hemispherx Investor Group has timely moved within the 60-day period following publication of the November 10, 2009 notice as required for appointment as Lead Plaintiff under the PSLRA.

## STATEMENT OF FACTS[3]

The Hemispherx Investor Group seeks to represent a class of all investors who purchased Hemispherx common stock between February 18, 2009 and December 1, 2009, inclusive (the "Class"). The Class seeks to pursue remedies under Sections 10(b) and 20(a) the Exchange Act, and Rule 10b-5 (17 C.F.R. § 240.10b-5) promulgated thereunder.

Defendant Hemispherx is a specialty pharmaceutical company engaged in the clinical development, manufacture, marketing and distribution of new drug therapies based on natural immune system enhancing technologies for the treatment of viral and immune based chronic disorders. The Company's products include Ampligen, an experimental drug undergoing clinical

---

expanded the proposed class period to include all purchasers of Hemispherx common stock between February 18, 2009 and December 1, 2009.

[3] This Statement of Facts is taken from the allegations contained in the complaint filed in the *Kletman* Action.

development for the treatment of Chronic Fatigue Syndrome ("CFS").  The Company is headquartered in Philadelphia, Pennsylvania.

The Action alleges that during the Class Period, Hemispherx and its Chief Executive Officer, defendant William A. Carter, violated §§10(b) and 20(a) of the Exchange Act by making a series of false and misleading statements about the status of Hemispherx's New Drug Application ("NDA") for Ampligen, which had been filed with the U.S. Food and Drug Administration ("FDA").  Specifically, the Defendants reported that delays in FDA action on the NDA would be brief and that the FDA did not request additional information.  These misstatements concealed the fact that the FDA had noted previous deficiencies in the NDA, and that Defendants were well aware of the FDA's concerns as they were then attempting to respond to them.  The need to remedy these deficiencies would, at a minimum, delay FDA review and might defeat the application if the FDA could not be satisfied.

On November 2, 2009, the Company issued a press release entitled "Hemispherx Biopharma Updates Chronic Fatigue Syndrome (CFS); Treatment and Commercial Application Programs; Targets Completion of All NDA Regulatory Responses and Initiation of Expanded Clinical Collaborations in CFS."  The release stated in part:

> The Company also plans to complete all outstanding queries from the FDA regarding its New Drug Application (NDA) for Ampligen®, an experimental therapeutic, during November and December, 2009.  On May 26, 2009, the Company announced a delay on the Ampligen NDA which, at the time, had a PDUFA date of May 25, 2009.  As noted in the 10-Q and 10-K filings at the time, the FDA did not request additional information from the Company at that time.  However, several outstanding NDA items, requiring Hemispherx responses, existed at the time of the FDA delay as noted in the August 8, 2009, 10-Q filing.  Between March 9, 2009 and September 15, 2009, the Company issued six (6) new reports to the Agency spanning various subjects including a) clinical safety assessments, b) specialized pre-clinical toxicology reports, and c) abbreviated

- 4 -

chemistry and manufacturing control reports. The Company believes that these reports may fully retire all agency queries in these particular areas.

The company also plans to submit four (4) additional reports on interrelated topics in November and December, 2009, which will include pharmacokinetic analyses in multiple lower animal species (primates, rodents, etc.) ("the Lovelace Laboratory Studies") and final validation reports of certain manufacturing procedures conducted at an independent facility, Hollister-Stier Laboratories in Spokane, WA. Some of these reports were recently cited in BioMedReports.com and the Science Business Exchange (October 15, 2009).

As a result of the November 2, 2009 disclosure, the price of Hemispherx common stock dropped from $1.45 per share on the previous trading day to close at $1.13 per share on November 3, 2009, a drop of more than 20%. This decrease was the result of Defendants' disclosure of the facts that had previously mislead the market and caused the price of the Company's common stock to be artificially inflated.

Then, on December 1, 2009, after the market closed, the Company issued a press release which disclosed that the FDA advised the Company in a complete response letter that the NDA for Ampligen could not be approved because, among other things, the clinical (human) studies submitted with the application "did not provide evidence of efficacy of Ampligen." The December 1, 2009 press release revealed to the market that the Company could not hope to obtain approval of Ampligen without conducting at least one additional large human study "which shows a convincing effect and confirms safety in the target population;" and mentioned the need for providing evidence of cardiac safety. Further, the December 1, 2009 press release admitted that the FDA "is recommending that the Company complete rodent carcinogenicity studies in two species," which the Company had chosen not to perform, but instead asked the FDA to waive.

As a result of the foregoing disclosures in the December 1, 2009 press release, the market price of Hemispherx stock fell an additional $0.49 per share, from a closing price of $1.20 per share on December 1, 2009 to a closing price of $0.71 per share on December 2, 2009, a decline of more than 40%.

## ARGUMENT

### THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions each assert class claims on behalf of the purchasers of Hemispherx stock for alleged violations of the Exchange Act during the Class Period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Hemispherx stock during the Class Period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Hemispherx stock at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### THE HEMISPHERX INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.    The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of Lead Plaintiff to oversee a securities class action. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class members of their right to file a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed *Reid* Action published a notice on *Marketwire* on November 10, 2009. *See* Exhibit C to the Lechtzin Decl.[4] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be January 11, 2010. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in these Actions. *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i). In making this determination, the statute directs the Court to the following objective criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

---

[4] *Marketwire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Lane v. Page*, No. CIV 06-1071 JB/ACT, 2007 U.S. Dist. LEXIS 97064, at *10 (D.N.M. July 2, 2007); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

>    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

### B. The Hemispherx Investor Group Is "The Most Adequate Plaintiff"

#### 1. The Hemispherx Investor Group Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff

The Hemispherx Investor Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Marketwire*, a national business-oriented wire service, on November 10, 2009. Accordingly, the Hemispherx Investor Group meets the requirements of 15 U.S.C. § 78u-4(a)(3)(A) and (B) and has filed its motion by January 11, 2010.

Moreover, to its knowledge, the Hemispherx Investor Group has the largest financial interest in the relief sought from its investments in Hemispherx stock among those seeking appointment as Lead Plaintiff. The Hemispherx Investor Group is a small, cohesive group of four sophisticated individual investors who are commited to prosecuting these Actions effectively and efficiently as fiduciaries to the Class, and to monitor counsel. The members of the Hemispherx Investor Group have also provided signed certifications evidencing their willingness and ability to discharge their fiduciary duties as lead plaintiff, either as individuals or as members of a group. *See* Exhibit A to the Lechtzin Decl.

Small cohesive groups like the Hemispherx Investor Group have routinely been appointed as Lead Plaintiff in securities class actions when they have shown the Court their ability to effectively manage the litigation. *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001);

*see also Schulman v. Lumenis, Ltd.*, 02 Civ. 1989 (DAB), 2003 U.S. Dist. LEXIS 10348, at *21-22 (S.D.N.Y. June 18, 2003); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44-46 (S.D.N.Y. 1998) (holding that "the plain language of the PSLRA expressly contemplates the appointment of more than one lead plaintiff"). As one court has succinctly explained regarding an appropriate "group" under the PSLRA:

> This Court does not find it appropriate to limit aggregation when the PSLRA specifically allows for a group of persons to serve as lead plaintiff. There is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves. Instead, the PSLRA focuses on whether the person or group that is the proposed lead plaintiff can fairly and adequately serve as the lead plaintiff. Following the PSLRA, this Court focuses not on the composition of the [] group, but rather on whether the group is adequate to serve as lead plaintiff.

*Newman v. Eagle Building Tech.*, 209 F.R.D. 499, 503 (S.D. Fla. 2002). Thus, to determine whether a putative "group" meets the definition of a "group" under the PSLRA, the court's "singular focus will be whether the asserted group has demonstrated the ability to effectively manage the litigation in the interests of the class and direct the litigation without undue influence of counsel." *In re Versata, Inc. Sec. Litig.*, No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270, at *21-22 (N.D. Cal. Aug. 20, 2001). Therefore, the Hemispherx Investor Group should be appointed Lead Plaintiff in these Actions.

### 2. The Hemispherx Investor Group Has the Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Cortese v. Radian Group, Inc.*, No. 07-cv-3375, 2008 U.S. Dist. LEXIS 6958, at *3-*4 (E.D. Pa.

Jan. 30, 2008). As demonstrated herein, the Hemispherx Investor Group has losses of approximately $311,766. *See* Exhibit B to the Lechtzin Decl.

### 3. The Hemispherx Investor Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("In fact, a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.") (citation omitted).

As detailed below, the Hemispherx Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff. The

Hemispherx Investor Group has claims that are typical of those of other Class members and it can adequately serve as Lead Plaintiff.

> **i.     The Hemispherx Investor Group's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class."  The typicality requirement of Rule 23(a)(3) is satisfied "where the representative's claims arise from the same event, practice, or course of conduct that gives rise to the claims of the class members, and when the claims are based on the same legal theory."  *Cortese*, 2008 U.S. Dist. LEXIS 6958, at *5-6 (citing *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 923 (3d Cir. 1992)); *see also In re Drexel Burnham Lambert Group*, 960 F. 2d 285, 291 (2d Cir. 1992).  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.  *See Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).  Significant factual differences do not preclude a typicality finding where there is a strong similarity of legal theories.  *In re Cigna Corp. Sec. Litig.*, No. 02-8088, 2006 U.S. Dist. LEXIS 58560, at *9 (E.D. Pa. Aug. 18, 2006).

In this case, the typicality requirement is met because the claims of the members of the Hemispherx Investor Group are identical to, and non-competing and non-conflicting with the claims of the other Class members.  The members of the Hemispherx Investor Group purchased Hemispherx shares during the Class Period when prices had been artificially inflated by Defendants' false and misleading statements and material omissions regarding the FDA's delays in acting upon the Company's NDA; and they suffered damages thereby.  Therefore, the claims of the members of the Hemispherx Investor Group, like the claims of each member of the Class,

"arise from the same event or course of conduct." *Cortese*, 2008 U.S. Dist. LEXIS 6958, at *5-6. None of the members of the Hemispherx Investor Group is subject to any unique or special defenses. Thus, the Hemispherx Investor Group meets the typicality requirement of Rule 23 because its claims are the same as the claims of the other Class members.

### ii. The Hemispherx Investor Group Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."[5] The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class.

The interests of the members of the Hemispherx Investor Group are clearly aligned to those of the other members of the Class. Not only is there no evidence of antagonism between the members of the Hemispherx Investor Group and the other Class members, but the Hemispherx Investor Group has a significant, compelling interest in prosecuting these Actions to a successful conclusion based upon the very large financial loss of approximately $311,766 that it has suffered as a result of the wrongful conduct alleged in these Actions. This motivation, combined with the Hemispherx Investor Group's identical interests with the members of the Class, demonstrates that it will vigorously pursue the interests of the Class. Further, the Hemispherx Investor Group has retained competent and experienced counsel to assist it in the

---

[5] The adequacy requirement of Rule 23 turns on two factors: "(a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Cortese*, 2008 U.S. Dist. LEXIS 6958, at *6 (quoting *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975)).

vigorous prosecution of the claims of all Class members. *See* Exhibits D and E to the Lechtzin Decl.

In sum, because of the Hemispherx Investor Group's common interests with the Class members, its clear motivation and ability to vigorously pursue these Actions, and its choice of competent and experienced counsel, the Hemispherx Investor Group meets the adequacy requirement of Fed. R. Civ. P. Rule 23. Since the Hemispherx Investor Group meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23, and has sustained the largest amount of losses from Defendants' alleged wrongdoing, the Hemispherx Investor Group is the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii), and it should be appointed as such to lead these Actions.

### C. The Court Should Approve the Hemispherx Investor Group's Choice of Counsel

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. *See Weiss v. Friedman, Billings, Ramsey Group, Inc.*, 2006 U.S. Dist. LEXIS 3028, at *20 (S.D.N.Y. Jan. 24, 2006). The Court should not disturb the proposed Lead Plaintiff's choice of counsel unless necessary to "protect the interest of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see In re MicroStrategy, Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 438 (E.D. Va. 2000).

Hemispherx Investor Group has selected Brower Piven and Berger Montague as its counsel. Brower Piven is a law firm that is actively engaged in complex litigation, including securities class actions. Brower Piven possesses experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.

The attorneys at Berger Montague also have significant securities class action litigation experience, and have been instrumental in recovering billions of dollars for institutional and individual investors. *See* Brower Piven Firm Resume and Berger Montague Firm Resume, Lechtzin Decl. Ex. D and E, respectively.

## CONCLUSION

For all of the foregoing reasons, the Hemispherx Investor Group respectfully requests that this Court enter an order consolidating these Actions, appointing it to serve as Lead Plaintiff in these Actions and approving its selection of Brower Piven and Berger Montague as Lead Counsel.

Dated: January 11, 2010　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　  s/  *Sherrie R. Savett*
　　　　　　　　　　　　　　　　　　　　Sherrie R. Savett
　　　　　　　　　　　　　　　　　　　　Carole A. Broderick
　　　　　　　　　　　　　　　　　　　　Barbara A. Podell
　　　　　　　　　　　　　　　　　　　　Eric Lechtzin
　　　　　　　　　　　　　　　　　　　　**BERGER & MONTAGUE, P.C.**
　　　　　　　　　　　　　　　　　　　　1622 Locust Street
　　　　　　　　　　　　　　　　　　　　Philadelphia, Pennsylvania 19103
　　　　　　　　　　　　　　　　　　　　Phone: (215) 875-3000
　　　　　　　　　　　　　　　　　　　　Fax: (215) 875-4604

　　　　　　　　　　　　　　　　　　　　Charles J. Piven
　　　　　　　　　　　　　　　　　　　　Yelena Trepetin
　　　　　　　　　　　　　　　　　　　　**BROWER PIVEN**
　　　　　　　　　　　　　　　　　　　　　**A PROFESSIONAL CORPORATION**
　　　　　　　　　　　　　　　　　　　　1925 Old Valley Road
　　　　　　　　　　　　　　　　　　　　Stevenson, Maryland 21153
　　　　　　　　　　　　　　　　　　　　Telephone: (410) 332-0030
　　　　　　　　　　　　　　　　　　　　Facsimile: (410) 685-1300

　　　　　　　　　　　　　　　　　　　　*Counsel for the Hemispherx Investor Group*

## Certificate of Service

I hereby certify that the foregoing Motion of the Hemispherx Investor Group to Be Appointed Lead Plaintiff, Memorandum of Law and Declaration of Eric Lechtzin in Support of the Motion with Exhibits A-E, were filed with this Court on January 11, 2010, through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

                                                  s/ *Sherrie R. Savett*
                                                  ***Sherrie R. Savett***