## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES REID, individually and on behalf of** | : | |
| **all others similarly situated,** | : | |
| **Plaintiff** | : | |
| | : | **CIV. NO. 09-5262** |
| **v.** | : | |
| | : | |
| **HEMISPHERX BIOPHARMA, INC., AND** | : | |
| **WILLIAM A. CARTER,** | : | |
| **Defendants** | : | |

| | | |
|---|---|---|
| **PAUL MCGOVERN, individually and on** | : | |
| **behalf of all others similarly situated,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIV. NO. 09-5682** |
| | : | |
| **HEMISPHERX BIOPHARMA, INC., AND** | : | |
| **WILLIAM A. CARTER,** | : | |
| **Defendants** | : | |

| | | |
|---|---|---|
| **CATHERINE A. KLETMAN, individually** | : | |
| **and on behalf of all others similarly situated,** | : | |
| **Plaintiff** | : | |
| | : | **CIV. NO. 09-5870** |
| **v.** | : | |
| | : | |
| **HEMISPHERX BIOPHARMA, INC., AND** | : | |
| **WILLIAM A. CARTER,** | : | |
| **Defendants** | : | |

| | | |
|---|---|---|
| **STUART SCHUPLER and SHIJING LIN,** | : | |
| **on behalf of themselves and all others** | : | |
| **similarly situated,** | : | |
| **Plaintiff** | : | |
| | : | **CIV. NO. 09-5931** |
| **v.** | : | |
| | : | |
| **HEMISPHERX BIOPHARMA, INC., AND** | : | |
| **WILLIAM A. CARTER,** | : | |
| **Defendants** | : | |

| | | |
|---|---|---|
| **GEORGE M. DAFORNO, individually and** | : | |
| **on behalf of all others similarly situated,** | : | |
| **Plaintiff** | : | |
| **v.** | : | **CIV. NO. 09-6173** |

|  | : |  |
| --- | --- | --- |
| **HEMISPHERX BIOPHARMA, INC., AND** | : | |
| **WILLIAM A. CARTER,** | : | |
| **Defendants** | : | |

|  | : |  |
| --- | --- | --- |
| **MICHAEL K. HANNA, derivatively on behalf** | : | |
| **of Hemispherx Biopharma, Inc.,** | : | |
| **Plaintiff** | : | |
| **v.** | : | **CIV. NO. 09-6160** |
|  | : | |
| **WILLIAM A. CARTER, et al.** | : | |
| **Defendants** | : | |

|  | : |  |
| --- | --- | --- |
| **ROBERT RANK, derivatively on behalf of** | : | |
| **Hemispherx Biopharma, Inc.,** | : | |
| **Plaintiff** | : | |
| **v.** | : | **CIV. NO. 10-262** |
|  | : | |
| **WILLIAM A. CARTER et al.,** | : | |
| **Defendants** | : | |

|  | : |  |
| --- | --- | --- |
| **GARY BONET, derivatively on behalf of** | : | |
| **Hemispherx Biopharma, Inc.,** | : | |
| **Plaintiff** | : | |
| **v.** | : | **CIV. NO. 10-326** |
|  | : | |
| **WILLIAM A. CARTER,** | : | |
| **Defendants** | : | |

## ORDER

Plaintiff shareholders have filed five securities fraud class action lawsuits against

Hemispherx Biopharma, Inc., and its Chief Executive Officer and Chairman of the Board of

Directors, William A. Carter.  Purchasers of Hemispherx common stock between February 18,

2009 and December 1, 2009, Plaintiffs allege violations of the Securities Exchange Act of 1934,

as amended by the Private Securities Litigation Reform Act of 1995 (PSLRA).  See 15 U.S.C. §

78; 17 C.F.R. § 240.10b-5.

2

Shareholders have also filed three derivative lawsuits on behalf of the Company against Mr. Carter and members of the Board of Directors, alleging state-law claims for breach of fiduciary duty, unjust enrichment, and waste of corporate assets.

All eight actions are based on allegations that Defendant Hemispherx Biopharma issued materially false and misleading statements that artificially inflated the Company's stock price, thus harming both stockholders – who relied on the fraudulent financial statements – and the Company itself.

Pending before me are four motions for consolidation, appointment of lead plaintiff, and appointment of lead counsel.  See 15 U.S.C. § 78u-4(a)(3)(B); Doc. No. 13 for Case No. 09-5262; Doc. No. 10 for Case No. 09-5682; Doc. No. 8 for Case No. 09-5870; and Doc. No. 3 for Case No. 09-5931.  After reviewing the motions and all related filings, I will **GRANT** in its entirety the Hemispherx's Investor Group's Motion for Approval of Lead Plaintiff, Lead Counsel, and to Consolidate Cases (Doc. No. 8 for Case No. 09-5870).  I will **GRANT IN PART** the other motions by consolidating these actions, but **DENY** all other proposals for lead plaintiff and lead counsel.

## I.    BACKGROUND

1.    Defendant Hempispherx is a Philadelphia-based pharmaceutical Company that developed Ampligen, an experimental drug for the treatment of chronic fatigue syndrome. According to the identical factual allegations in all eight complaints, on July 7, 2008, the U.S. Food and Drug Administration received the Company's New Drug Application for Ampligen.  In a February 2009 press release, the Company announced that the FDA had delayed its decision on the Ampligen application until May 25, 2009.  In May 2009, the Company announced its plan to

issue more than $30 million in stock.  On May 26, 2009, the Company issued a press release

stating that the FDA had advised the Company it could take two additional weeks to review the

Ampligen application.  In a June 2009 conference call with investors and analysts, CEO William

Carter said that the FDA was not awaiting any data or documents from the Company that might

delay Ampligen's approval.  The Company's stock reached a high of $3.75 on June 4.

2.     According to the complaints, on September 19, 2009, TheStreet.com reported that

Carter had acknowledged that the FDA would not review the Ampligen application until the

Company addressed manufacturing deficiencies the Agency had identified.  Similar news reports

followed.  On November 2, 2009, a Company press release confirmed that Hemispherx had

"outstanding queries from the FDA" regarding its Ampligen application, and planned to

complete its submissions to the Agency in the next two months.  With this disclosure, the price

of Hemispherx stock dropped more than 20 percent from $1.45 on the previous day to close at

$1.13 on November 3, 2009.  On December 1, 2009, the Company announced the FDA had

rejected its Ampligen application.  Hemispherx shares again fell to $0.71, a drop of more than 40

percent.

## II.     CONSOLIDATION

3.     The Court has broad discretion to consolidate actions to "facilitate the administration

of justice."  See Smithkline Beecham Corp. v. Geneva Pharmaceuticals, Inc., 2001 U.S. Dist.

LEXIS 17434 at *18-19 (E.D. Pa. Sept. 28, 2001) (citing Fed. R. Civ. P. 42(a)). Under Rule 42

(a), "[w]hen actions involving a common question of law or fact are pending before the court . . .

it may order all the actions consolidated; and it may make such orders concerning proceedings

therein as may tend to avoid unnecessary costs or delay."  Fed. R. Civ. P. 42(a).  The PSLRA

also provides for the consolidation of securities class actions based on the same set of facts and legal issues. 15 U.S.C. § 78u-4(a)(3)(B)(ii); see, e.g., In re Sterling Financial Corp., 2007 U.S. Dist. LEXIS 93708 at *6-8 (E.D. Pa. December 21, 2007) (consolidating securities cases); Janovici v. DVI, Inc., No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *11-13 (E.D. Pa. Nov. 25, 2003) (same).  The Court should consider any motion for consolidation before considering motions for lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(ii) (district court shall not appoint a lead plaintiff until "after such decision [on the motion to consolidate] is rendered.").

4.     The gravamen of all eight cases is that stockholders relied on false statements made by Carter in public filings, press releases, and other publications.  The five securities class actions are based on identical legal claims, and the class periods are substantially similar.  At this stage in the litigation, I will accept the longest class period pleaded in the Kletman and DaForno complaints: February 18, 2009 to December 1, 2009.  (Doc. No. 1 in Case No. 09-5870 and Case No. 09-6173.)  In four of the five class actions, a shareholder has requested consolidation, citing the benefits of streamlining this litigation and avoiding unnecessary, repetitive filings.  In the fifth class action, no shareholder has either moved for or opposed consolidation.  Indeed, no shareholder in any of the eight cases has opposed consolidation.  Accordingly, I will consolidate the securities class actions for all purposes, including discovery and trial.

5.     I will also consolidate the three derivative suits with the securities class actions for the purpose of discovery, as maintaining separate actions would waste judicial resources and create administrative confusion for both the Court and the parties.  Consolidation will facilitate the administration of justice and promote judicial economy without any foreseeable prejudice.  I will defer judgment on whether the derivative suits should be consolidated for summary

judgment and trial.

### III.   <u>LEAD PLAINTIFF</u>

6.     The PSLRA provides that "as soon as practicable" after deciding motions to

consolidate, the Court shall appoint the most adequate plaintiff to serve as lead plaintiff of the

class. 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The PSLRA instructs that the lead plaintiff should be "the

member or members of the purported plaintiff class that the court determines to be most capable

of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(I);

<u>see also</u> <u>In re Cendant Corp. Litig.</u>, 264 F.3d 201, 266-68 (3d Cir. 2001).  The presumptive lead

plaintiff will have moved for appointment as lead plaintiff, has the greatest financial interest in

the litigation, and also satisfies the traditional Rule 23 adequacy and typicality requirements.  <u>See</u>

15 U.S.C. § 78u-4(a)(3)(B)(iii) (2000); Fed. R. Civ. P. 23.  Courts in this Circuit have repeatedly

deemed the largest financial interest to be the most important factor in determining the

presumptive lead plaintiff.  <u>See, e.g.</u>, <u>In re Vonage Initial Pub. Offering Sec. Litig.</u>, 2007 U.S.

Dist. LEXIS 66258 at *16 (D.N.J. Sept. 6, 2007).  The Third Circuit explains that a district court

should (1) first identify the presumptive lead plaintiff, and then (2) determine whether any

member of the putative class had rebutted the presumption.  <u>In re Cendant Corp. Litig.</u>, 264 F.3d

at 262 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)& (II)).

7.     I have received four motions from individual shareholder groups seeking to be

named lead plaintiff: (1) The DeSilva Group (Doc. No. 13, Case No. 5262); (2) The HEB

Investors Group (Doc. No. 10, Case No. 5682); (3) The Hemispherx Investors Group (Doc. No 8,

Case No. 5870); and (4) a second group calling itself the HEB Investors Group, or alternatively,

the Paredes Group (Doc. No. 3, Case No. 5931).  The DeSilva Group claims a total loss of

$481,181, the HEB Investors Group claims $52,628, the Hemispherx Investors Group claims $311,766, and the Paredes Group claims $202,078. Accordingly, because the DeSilva Group has both moved for consideration as lead plaintiff and claims the greatest loss, it would appear to be the presumptive lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(iii) (2000).

8.   The other movants argue, however, that the DeSilva Group's claimed loss is inflated and illusory – that the DeSilva Group has neither sustained the greatest loss nor satisfied Rule 23. See Case No. 5870, Doc. No. 23 at p. 12; Case No. 5931, Doc. No. 10 at p. 4-5. The other movants note that shareholder Anthony DeSilva, who claims $356,655.22 of the Group's $481,181 loss, sold all 315,700 of his shares before August 25, 2009 – more than two months before the Company's corrective disclosure that alerted markets to the alleged fraud. Id. Eliminating Mr. DeSilva's pre-August 25th loss leaves the DeSilva Group with losses of $115,525.75 - well below the losses claimed by the Hemispherx Investors and Paredes Groups.

Plaintiffs like Mr. DeSilva who sustain "in and out" losses  – losses sustained by shareholders who both purchased and sold their shares before any corrective disclosure that alerts the market to potential fraud – are ineligible to receive damages. See Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 342 (2005). Accordingly, because Mr. DeSilva sold all his shares before (as alleged in his Complaint) "the truth begins to come to light" on November 2, 2009, his loss is properly excluded from the total his Group claims. (Case No. 09-5262, Doc. No. 1. ) Cf. In re Opnext, Inc., Sec. Litig., 2008 U.S. Dist. LEXIS 60678 (D.N.J. August 7, 2008) (subtracting "in and out" losses in determining greatest financial interest); In re McKesson HBOC, Inc. Sec. Litig., 97 F. Supp. 2d 993 (N.D. Cal. 1999) (same).

The other movants further argue that even if Mr. DeSilva's claimed loss is not excluded,

his early sale means his Group does not satisfy the Rule 23 typicality requirement.  See Case No. 5870, Doc. No. 23 at p. 8; Case No. 5931, Doc. No. 10 at p. 5. To comport with Rule 23, a lead plaintiff must (1) meet the typicality requirement by suffering the same injuries as the absent class members; (2) meet the adequacy requirement by having the ability and the incentive to represent the claims of the class vigorously and without any conflict of interest; and (3) be represented by competent counsel with a reasonable fee agreement.  See In re Cendant Corp. Litig., 264 F.3d at 263, 265; Janovici, 2003 U.S. Dist. LEXIS 22315 at *23.  Because it appears that Mr. DeSilva's claimed loss was not the result of the Company's alleged misrepresentations, he is not typical of the class and his Group is thus unsuitable to serve as lead plaintiff.  See., e.g., In re Comverse Technology, Inc. Sec. Litig., 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) (plaintiff with "in and out" losses is atypical of other class members).  Accordingly, the DeSilva Group does not meet Rule 23's requirements.

9.    The second-largest claimed loss, $311,766, was incurred by the Hemispherx Investor Group, comprised of shareholders Victor Cherry, Jagvinder Singh, Ehud Nahum, and Padmakar Boieniphelly.  Even excluding all its "in and out" losses, the Hemispherx Investor Group's loss would be $151,035, greater than the $101,172 incurred by the Paredes Group after excluding similar claimed losses.  See Case No. 5870, Doc. No. 23 at p. 4.  Because the Hemispherx Investor Group thus sustained the largest loss, moved for selection as lead plaintiff, and appears to meet the three requirements of Rule 23, it is the presumptive lead plaintiff.  No member of the putative class has rebutted that presumption.  In re Cendant Corp. Litig., 264 F.3d at 262 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)& (II)).  Accordingly, the Hemispherx Investor Group will be named lead plaintiff.

**IV.**     **LEAD COUNSEL**

10.    Under the PSLRA, the selection of lead counsel rests with the lead plaintiff, subject to the court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v) (2000).  Courts consider, *inter alia*, the following factors in assessing counsel: (1) the selection process used by the lead plaintiff; (2) the proposed fee structure; (3)whether the firm has adequate resources; and (4) the extent of the firm's (and lead attorney's) experience in class action securities cases.  <u>See</u> Manual for Complex Litigation (4th ed. 2004).  The Third Circuit advises "that the question at this stage is not whether the court would 'approve' that movant's choice of counsel or the terms of its retainer agreement or whether another movant may have chosen better lawyers or negotiated a better fee agreement; rather, the question is whether the choices made by the movant with the largest losses are so deficient as to demonstrate that it will not fairly and adequately represent the interests of the class, thus disqualifying it from serving as lead plaintiff at all."  <u>In re Cendant Corp. Litig.</u>, 264 F.3d at 266.

11.    The Hemispherx Investor's Group has selected as its lead counsel the law firms of Berger Montague, based in Philadelphia, and Brower Piven, based in Stevenson, Maryland.  I am familiar with the Berger firm and lead attorney Sherrie R. Savett.  Ms. Savett and her firm are highly regarded and well-experienced in conducting securities class action litigation.  The Berger firm certainly has the resources to litigate the instant matter.  The firm has a percentage of recovery fee arrangement, which is the standard in this District.  Although I am not familiar with Brower Piven, I have reviewed the materials it has submitted, and I find that it too has significant experience in securities class action litigation.  Accordingly, I will not disturb the lead plaintiff's choice of lead counsel.

## V.   CONCLUSION

**AND NOW**, this 9th day of February, 2010, upon consideration of the Parties' motions to consolidate, to be appointed lead plaintiff, and to appoint lead and liaison counsel, and all related filings, it is hereby **ORDERED** that:

1.   Civil Action Nos. 09-5262, 09-5682, 09-5870, 09-5931, and 09-6173 are hereby **CONSOLIDATED**, pursuant to Federal Rule of Civil Procedure 42(a), for all purposes, including discovery and trial.  Civil Action Nos. 09-6160, 10-262, and 10-326 are hereby **CONSOLIDATED** for the purposes of discovery.  All pleadings, motions, discovery, and other matters in all cases shall be filed at Civil Action No. 09-5262 as the **LEAD CASE**.  All papers filed in the consolidated action shall have the following caption: In re Hemispherx Biopharma, Inc. Litigation, Civil Action No. 09-5262.

2.   The Clerk of the Court is directed to **CLOSE** Civil Action Nos. 09-5682, 09-5870, 09-5931, and 09-6173 for all purposes.  Civil Action Nos. 09-6160, 10-262, and 10-326 shall be placed in the civil suspense file.

3.   The Hemispherx Investor Group is named Lead Plaintiff to represent the interests of the class in this action.  The Hemispherx Investor Group has retained the law firms of Berger Montague and Brower Piven as its lead counsel, and I will approve that selection.  Accordingly, the Hemispherx's Investor Group's Motion for Approval of Lead Plaintiff, Lead Counsel, and to Consolidate Cases (Doc. No. 8 for Case No. 09-5870) is **GRANTED**.

4.   The remaining motions for lead plaintiff and lead counsel are **DENIED**.  (Doc. No. 13 for Case No. 09-5262; Doc. No. 10 for Case No. 09-5682; and Doc. No. 3 for Case No. 09-5931).

5.   Counsel for the Hemispherx Investor Group shall file an amended complaint by **February 26, 2010.**  Counsel for Defendants Hemispherx Biopharma, Inc., William A. Carter, and other members of the Hemispherx Board of Directors shall respond to the amended complaint by **March 12, 2010.**  If Defendants respond by moving to dismiss this consolidated action, the Hemispherx Investor Group shall respond by **March 26, 2010.**

IT IS SO ORDERED.

*/s/ Paul S. Diamond*

_____

Paul S. Diamond, J.